People v S.B. (2025 NY Slip Op 51571(U))

[*1]

People v S.B.

2025 NY Slip Op 51571(U)

Decided on October 6, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 6, 2025
Youth Part, Erie County

The People of the State of New York

against
S.B., AO.

Docket No. FYC-72984-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Giovanni Genovese, Esq. (for Principal S.B.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor L. Yensan, Esq. (Assistant District Attorney), dated September 18, 2025; an Answering Affirmation having been filed by Giovanni Genovese, Esq. on behalf of AO S.B. dated September 23, 2025; the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO S.B. is charged under FYC-72984-25/001 with Criminal Possession of Stolen Property in the Third Degree, a class D felony contrary to Penal Law § 165.50, Reckless Endangerment in the First Degree, a class D felony contrary to Penal Law § 120.25, Unauthorized Use of a Vehicle in the Third Degree, a class A misdemeanor contrary to Penal Law § 165.05(1), Unlawfully Fleeing a Police Officer, a class A misdemeanor contrary to Penal Law § 270.25, and twelve (12) Vehicle and Traffic law violations.
On August 19, 2025, Accessible Magistrate John Wanat arraigned AO S.B. and remanded him. Later that day, this Court arraigned AO S.B. and released him on his own recognizance with Voluntary Case Planning Services. A six-day reading was not required under CPL § 722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court.
A scheduling order was placed on the record. The People's Motion would be due [*2]September 17, 2025, Defendant's responsive papers would be due September 24, 2025, and a Decision on Motion was scheduled on October 6, 2025. The People's Notice of Motion was subsequently filed on September 18, 2025. AO S.B.'s attorney has requested that the People's Motion be dismissed due to the People's late filing pursuant to the Scheduling Order. Under CPL § 722.23(1)(a), the People must make their motion to prevent removal within thirty days of arraignment. An Accessible Magistrate arraigned AO S.B. on August 19, 2025. The People's Motion was filed on September 18, 2025, which is 30 days from arraignment. AO S.B. was not prejudiced by the People's filing one day later than the deadline set in the Scheduling Order. This Court will not dismiss the People's Motion based on the timeliness issue.

Findings of Fact
It is alleged that a vehicle was stolen on or about August 17, 2025 at 11:30p.m. The next day, a Cheektowaga Police Officer was on routine patrol when he received a notification about the location of the stolen vehicle. The Officer located the vehicle and activated his overhead emergency lights and siren. The stolen vehicle failed to yield. The Officer and another marked patrol vehicle pursued the stolen vehicle for approximately 20 minutes. The chase ended when the stolen vehicle struck a tree and became disabled. AO S.B. was taken into custody, as he was driving the stolen vehicle. Five co-defendants were in the stolen vehicle with AO S.B. At no time did the owner of the stolen vehicle give anyone else permission to operate, ride in, or otherwise exercise control over the vehicle.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court because the facts are extraordinary and AO S.B. has a history in Youth Part. Defendant raises such mitigating factors as the lack of injuries because of the accident, as well as AO S.B.'s lack of family stability and positive influences in his life. Counsel cites AO S.B.'s father being in jail and his mother losing custody of him over an abuse and neglect Court matter as major contributing and mitigating factors.
Accounting for all the circumstances of this case and this young person, this Court finds that extraordinary circumstances exist to prevent removal of this matter to Family Court. AO S.B. has a history in Youth Part. In February 2025, this Court removed three matters pending [*3]against him. Each of those cases involved car theft or AO S.B. acting with the intent to steal a vehicle. This is the fourth time he has been charged as an Adolescent Offender within the past year. Moreover, AO S.B. accepted Voluntary Assessment and Case Planning Services at the outset of this case. However, according to a notification received from Probation on September 3, 2025, he failed to contact Probation after his arraignment. Probation made multiple attempts to reach out to him. Due to a lack of response, Probation closed his Voluntary Services case. Clearly AO S.B. has demonstrated a pattern of recidivism and will not be amenable to or would not benefit in any way from further services provided by Family Court. See People v J.K., 78 Misc 3d 1221(A) (Youth Part, Erie County 2023).
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People met their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN